UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Michael Cordaro,**

    Plaintiff,

v.

**Lloyd J. Austin, III,**

    Defendant.

**DECISION and ORDER**

22-cv-6027-EAW-MJP

## INTRODUCTION

Plaintiff *pro se* Michael Cordaro moves for the Court to grant him *in forma pauperis* status. (ECF Nos. 47 & 48, Aug. 23, 2024.) For the reasons that follow, the Court **DENIES** his motions.

## APPLICABLE LAW

"The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). "The Supreme Court has described the *in forma pauperis* statute as aiming 'to lower judicial access barriers to the indigent.'" *Id.* (quoting *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)).

Accordingly, 28 U.S.C. § 1915(a)(1) states that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who

submits an affidavit that includes a statement of all assets." The affidavit must state that he or she "is unable to pay such fees or give security therefor." *Id*. Further, Section 1915 requires that the "affidavit [ ] state the nature of the action, defense or appeal and [the] affiant's belief that the person is entitled to" a fee waiver. *Id*. (alterations added).

Section 1915 thus "permits an indigent litigant to commence an action in a federal court without *prepayment* of the filing fee that would ordinarily be charged." *Rasheen v. Adner*, 356 F. Supp. 3d 222, 228–29 (N.D.N.Y. 2019) (quotation omitted); *see also Arzuaga v. Quiros*, 781 F.3d 29, 34 (2d Cir. 2015) (noting that Section 1915 authorizes "litigants to proceed *in forma pauperis* when 'unable to pay' filing fees"). Once a plaintiff files his or her lawsuit and accompanying *in forma pauperis* application, the Court must then review the complaint under 28 U.S.C. § 1915(e)(2). *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("If the plaintiff demonstrates poverty, he should be permitted to file his complaint *in forma pauperis*. Then the court may properly consider dismissing the complaint as frivolous.").

In sum, a plaintiff asking to proceed *in forma pauperis* needs to jump through two hoops: *First*, the plaintiff must show indigence. It is the plaintiff's burden to do so. *Id*. Still, "[a] litigant need not be 'absolutely destitute' to qualify for *in forma pauperis* status but need only demonstrate" an inability to "pay or give security for the costs and still

2

be able to provide [him or herself] and dependents with the necessities of life." *Rosa*, 86 F.4th at 1005 (alterations added) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338 (1948)); *see also Potnick*, 701 F.2d at 244 ("Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life."). "An affidavit to proceed *in forma pauperis* is sufficient if it indicates that one cannot, because of his poverty, afford to pay the costs of litigation and still provide himself and his dependents with the necessities of life." *Kilichowski v. Hocky*, No. 99-CV-2874, 1999 WL 504285, at *1 (E.D.N.Y. July 5, 1999).

*Second*, the plaintiff's complaint must pass through the required screening process. *See, e.g., United States v. Bommer*, 613 F. Supp. 3d 712, 717 (W.D.N.Y. 2020) ("Section 1915 requires the Court to conduct an initial screening of complaint filed by civil litigants proceeding *in forma pauperis* to ensure that the case goes forward only if it meets certain requirements. (quoting *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL 1063474, at *2 (W.D.N.Y. Mar. 21, 2017))). Under Section 1915(e), the district court is required to dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii).

## DISCUSSION

Here, Plaintiff filed his complaint and (eventually) paid the filing fee himself.[1] A review of the docket accordingly discloses that the Court did not screen his complaint. *Cf. Bommer*, 613 F. Supp. 3d at 717 (noting that the *in forma pauperis* statute "requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*[] to ensure that the case goes forward only if it meets certain requirements" (quotation omitted)). After finding Plaintiff's first motion to proceed *in forma pauperis* deficient, Chief Judge Wolford accordingly directed Plaintiff to "either submit a renewed application for *in forma pauperis* status or pay the filing fee of $402.00." (Order at 2–3, ECF No. 5, Oct. 11, 2022.)

Plaintiff has thus forfeited the opportunity to proceed *in forma pauperis*. "Whenever a plaintiff files a complaint, he must either (1) pay the filing fee and administrative fee, or (2) submit a motion to proceed *in forma pauperis*." (Order at 2–3, ECF No. 2, Feb. 22, 2022 (citing 28 U.S.C. §§ 1914(a) & 1915(a)).) Given that choice, Plaintiff opted to pay

---

[1] There is no CM/ECF number associated with this entry, but the Court notes that it states: "Filing fee: $402 … from Michael Cordaro," dated October 26, 2022.

4

the filing fee, avoiding the screening process for his complaint. But in so doing Plaintiff knew, or should have known, that he was not proceeding *in forma pauperis*.² Plaintiff may not pay the fee and request to proceed *in forma pauperis* later. Indeed, to allow Plaintiff to proceed *in forma pauperis* now would amount to an end-run around the screening requirement.

Yet Plaintiff asserts that because this Court granted him *in forma pauperis* status in a separate case, it should do so here. The Court disagrees. Because a plaintiff must pay the filing fee or request *in forma pauperis* status at the beginning of his or her case, it follows that this is a case-by-case analysis. Each time a plaintiff brings a new case in this District, they must submit a new *in forma pauperis* application. The Chief Judge's earlier order in this case, quoted above, plainly indicates as much. (Order at 2–3, ECF No. 2.) Further, that the Court found Plaintiff indigent over six months ago does not demonstrate that Plaintiff remains indigent.

This does not leave Plaintiff without recourse. "A party who has not sought *in forma pauperis* status," or has forgone it, "but claims indigency may move for waiver of payment of" his or her "share of the

---

² Further, Plaintiff is not eligible for a return of the filing fee he already paid. *See Robinson v. Kotler*, No. 1:23-cv-106230GHW, 2024 WL 839049, at *2 (S.D.N.Y. Feb. 28, 2024) ("Once paid, there are no refunds of the filing fee regardless of the outcome of the plaintiff's claims.").

mediator's fee[.]" *Romanac v. Town of Cheektowaga, New York*, No. 17-CV-334S, 2021 WL 3721133, at *2 (W.D.N.Y. Aug. 23, 2021) (discussing Western District of New York Alternative Dispute Resolution Plan § 5.4(E)). Generally, however, even if a plaintiff has *in forma pauperis* status, that plaintiff remains responsible for normal litigation costs. *See Brown v. De Filippis,* 125 F.R.D. 83, 85 (S.D.N.Y. 1989) (noting that proceeding *in forma pauperis* "is not the equivalent of a full waiver of fees," rather, *in forma pauperis* status "entitles a plaintiff to a waiver of the prepayment of court costs" (citations omitted)).

While in other circumstances the Court might reconstrue Plaintiff's pending motions to proceed *in forma pauperis* as motions for the waiver of mediation fees, the Court declines to do so here. The Court cannot determine from them whether Plaintiff is indigent. In response to the question "[d]o you own any real estate, stocks, bonds," etc., Plaintiff indicates "yes," but failed to "describe the property in detail." (Mot. to Proceed *In Forma Pauperis* ("IFP") at 2, ECF No. 48, Aug. 23, 2024.) Rather, Plaintiff cursorily states "low value." (*Id*.) Plaintiff must provide a detailed list of all real estate, stocks bonds, or other valuable property and the estimated value of each item, excluding "ordinary household furnishings and clothing." (*Id*.)

Curiously, Plaintiff also indicates he is using "limited savings" to make payments on a loan (or perhaps a mortgage), yet he states he has

6

no money in either a checking or savings account. (*Id.*) Plaintiff must disclose how he is making payments on this loan.

Relatedly, Plaintiff must provide information about whether he can obtain financial resources from those who ordinarily provide him with necessities. *Pierre v. City of Rochester,* No. 16-CV-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018) ("Where a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee.") Plaintiff indicates that he is obtaining assistance from his parents in paying a loan. (Mot. to Proceed IFP at 2, ECF No. 48.) Plaintiff must disclose whether such relatives will assist him with the costs of this litigation.

If the Court is going to approve Plaintiff's request for a waiver of mediation fees, the Court directs that Plaintiff provide the information noted in this order. To ensure that the Court has sufficient time to decide a motion under Section 5.4(E) of the ADR Plan before the first mediation conference, the Court **ORDERS** Plaintiff to submit such a motion for waiver of mediation fees by no later than September 20, 2024. The Court cautions Plaintiff as follows:

- *First,* failure to submit a motion by that date may result in Plaintiff being required to pay mediation fees.

- *Second*, failure to provide the information required herein may result in denial of such motion. In that event, the Court may require Plaintiff to pay mediation fees.

- *Finally*, if the Court denies Plaintiff's forthcoming motion pursuant to Section 5.4(E) of the ADR Plan, the Court will require Plaintiff to pay mediation fees for this case.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's motions to proceed *in forma pauperis*. (ECF Nos. 47 & 48.) Plaintiff may not proceed *in forma pauperis* in this case.

As discussed, Plaintiff may submit a new motion for waiver of the fees for mediation. Section 5.4(E) of this Court's Alternative Dispute Resolution ("ADR") Plan states: "A party who has not sought in forma pauperis status, but is financially unable to pay all or part of the pro rata share of the Mediator's fee, may move for a waiver of the fee requirement on a form provided by the Court." *Id*. **If Plaintiff brings such a motion, it should be made returnable before the undersigned and is due by no later than September 20, 2024.**

**SO ORDERED.**

Dated: August 27, 2024
Rochester, NY

/s/ *Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge