UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL CORDARO,

              Plaintiff,                    **DECISION AND ORDER**

     v.

                                                 6:22-CV-06027 EAW

LLOYD J. AUSTIN, III,

              Defendant.
_____

       *Pro se* plaintiff Michael Cordaro ("Plaintiff") commenced the instant employment discrimination action on January 19, 2022, asserting claims arising from his 2018 removal from a position as an auditor for the Defense Contract Auditing Agency in the Department of Defense ("DOD"). (Dkt. 1). On September 26, 2023, this Court entered a Decision and Order substituting Lloyd J. Austin III ("Secretary Austin" or "Defendant") as a defendant and granting in part a motion to dismiss Plaintiff's gender discrimination, disability discrimination, and removal-related claims. (Dkt. 21 ("September 2023 Decision")). The Court denied the motion to dismiss Plaintiff's retaliation claim. (*Id*. at 18-21).

       Currently before the Court is a motion by Plaintiff seeking reconsideration of the dismissal of his disability claims. (Dkt. 22). The Court dismissed those claims because Plaintiff failed to timely exhaust his administrative remedies. (Dkt. 21 at 16-17). The Court recognized that equitable estoppel can sometimes excuse a failure to exhaust, but Plaintiff had failed to meet that stringent standard. In sum, Plaintiff argues that the failure to exhaust his disability discrimination claim should be excused. Because Plaintiff has failed to meet the standard for reconsideration, the motion is denied.

## LEGAL STANDARD

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation and citation omitted). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Lettieri v. Dep't of Just.*, No. 23-CV-865-LJV, 2024 WL 2030113, at *2 (W.D.N.Y. Apr. 10, 2024) (quotation and citation omitted). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court. . . ." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

## RECONSIDERATION IS UNWARRANTED

In support of his request for reconsideration, Plaintiff simply reargues the same issues that were at play upon the Court's initial consideration of the motion to dismiss. Plaintiff has not identified any new evidence that the Court failed to consider. In this context, "'new evidence' is evidence that was unavailable to the movant when the Court made its previous ruling, and that could not have been found by due diligence." *Oak Forest Prod., Inc. v. Hiscock & Barclay, LLP*, 114 F. Supp. 3d 76, 78 (W.D.N.Y. 2015); *see also*

*Trident Int'l Ltd. v. Am. S.S. Owners Mut. Prot. and Indem. Ass'n, Inc.,* 2008 WL 11517608, at *2 (S.D.N.Y. June 11, 2008) ("That some allegations were not specifically mentioned in the Court's Order is of no import; it would be impractical for a district court to enumerate every single fact and bit of minutiae it considers in reaching its conclusions."). Rather, Plaintiff continues to present and reargue the same facts that he previously argued in opposition to the motion to dismiss. "A motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." *Matura v. United States,* 189 F.R.D. 86, 90 (S.D.N.Y. 1999). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008).

Plaintiff argues that because more men than women have his particular disability, his assertion of a gender discrimination claim was reasonably related to his disability discrimination claim to put Defendant on notice that he was pursuing such claims. The Court disagrees. It is true that claims "reasonably related" to those filed with the EEO may be pursued in federal court. *See Lee v. Saul*, No. 19CIV6553(PGG)(SN), 2022 WL 873511, at *5 (S.D.N.Y. Mar. 23, 2022) ("In order for the court to consider a particular claim of alleged discrimination, it must have been either explicitly raised during the EEO process or be 'reasonably related' to claims that were." (quoting *Hodges v. Att'y Gen. of U.S.*, 976 F. Supp. 2d 480, 490 (S.D.N.Y. 2013))), *appeal dismissed* (Jan. 11, 2023); *Henry*

- 3 -

*v. McDonald*, 531 F. Supp. 3d 573, 587 (E.D.N.Y. 2021) ("[C]laims in a civil lawsuit must either have been expressly asserted in the employees EEO complaint or else be 'reasonably related' to the allegations raised therein." (quoting *Elhanafy v. Shinseki*, 2012 WL 2122178, at *12 (E.D.N.Y. June 12, 2012))).  But for the Court to find Plaintiff's disability claims "reasonably related," the claims would have to "fall within the reasonably expected scope of an [EEO] investigation of the charges of discrimination."  *Atencio v. U.S. Postal Serv.*, No. 1:14-CV-7929-GHW, 2015 WL 7308664, at *6 (S.D.N.Y. Nov. 19, 2015).  The Second Circuit explained that "the focus of the inquiry should be on the factual allegations made in the EEO charge itself, describing the discriminatory conduct about which a plaintiff is grieving," and "[i]t is the substance of the charge and not its label that controls."  *Id.* (quoting *Mathirampuzha v. Potter*, 548 F.3d 70, 76 (2d Cir. 2008)).

Here, Plaintiff did not check the box for disability discrimination in either his initial (Dkt. 8-2 at 7) or amended (*id.* at 30-31) EEO charge, nor are there any allegations relating to disability contained therein.  Moreover, even when Plaintiff did seek to add disability claims in March 2020 (*id.* at 34-35), the disability he identified was amblyopia and challenges with depth perception, with no mention of Aspergers, which he now contends is more prevalent in men and is the basis for his argument that the claims were reasonably related to his gender discrimination claims.  Because the balance of the factual allegations set forth in Plaintiff's administrative charges relate to gender discrimination, there is no basis to disturb the Court's conclusion that the disability claims were unexhausted.  *See Henry,* 531 F. Supp. 3d at 587 (dismissing retaliation claim that was not asserted in EEO complaint filed with Veterans Affairs' Office of Resolution Management and was "not

reasonably related to the discrimination claims in his EEO [c]omplaint"); *Malloy v. Pompeo*, No. 18 CIV. 4756 (PGG), 2020 WL 5603793, at *12 (S.D.N.Y. Sept. 18, 2020) (disability claim not exhausted where EEO complaint alleged race discrimination but did not mention disability); *Elhanafy v. Shinseki*, No. 10-CV-3192 JG JMA, 2012 WL 2122178, at *13 (E.D.N.Y. June 12, 2012) (finding certain discrimination claims procedurally barred where "nothing in [plaintiff's] EEO Complaint even plausibly suggested discrimination on the basis of religion, age, or disability and . . . 'could not reasonably be expected to have triggered an investigation into the allegations of [religion, age, and disability] discrimination [ ]he now raises.'" (quoting *Culbertson v. Charosa Found. Corp.*, No. 03-CV-3742 (SJF)(LB), 2004 WL 2370686, at *3 (E.D.N.Y. Oct. 18, 2004))).

Nor has Plaintiff demonstrated that the Court incorrectly evaluated principles of equitable estoppel to excuse his failure to exhaust the claim. Plaintiff's argument that the Defense Contract Audit Agency EEO Director did not respond to his email inquiry about discrimination and that the agency did not timely conduct an investigation, does not rise to the level of extraordinary circumstances justifying the application of equitable estoppel. *See Rein v. McCarthy*, 803 F. App'x 477, 480 (2d Cir. 2020) (rejecting argument that "the agency's failure to dismiss [plaintiff's] administrative complaint as untimely constituted a misrepresentation that her complaint was timely, which she detrimentally relied upon" where "the agency made no actual representation concerning the complaint's timeliness").

Similarly, Plaintiff has not established that manifest injustice will result should the Court deny his motion for reconsideration. "In the context of a motion for reconsideration,

'manifest injustice' is defined as an error committed by the trial court that is direct, obvious, and observable." *Corpac v. Rubin & Rothman*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (quotation and citation omitted); *see also S.E.C. v. Stewart*, No. 98 CIV. 2636 (LAP), 2024 WL 382370, at *5 (S.D.N.Y. Feb. 1, 2024) ("Courts ordinarily have not defined precisely what constitutes clearly erroneous or manifest injustice for reconsideration purposes. At least one court has held though that reconsideration is not warranted unless the prior decision is 'dead wrong.'" (quoting *Ogi Oceangate Transp. Co. v. RP Logistics Pvt. Ltd.*, 2007 WL 2900225 (S.D.N.Y. Oct. 4, 2007))). Again, Plaintiff's arguments on the instant motion do not meet this standard. Plaintiff is continuing to reargue the same legal issues that have already been decided, and he has not identified any discernable error in the Court's September 2023 Decision. *See Dingwell v. Cossette*, No. 3:17-CV-01531 (KAD), 2021 WL 413619, at *2 (D. Conn. Feb 5, 2021) ("A party . . . may not use a motion for reconsideration to re-argue issues that have already been decided, present 'new theories' or arguments that could have been raised earlier, seek a new hearing 'on the merits, or to otherwise take a second bite at the apple.'" (alterations omitted) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012))). Accordingly, reconsideration is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. 22) is denied. However, the Court does clarify that because the disability discrimination claim was dismissed for failure to exhaust administrative remedies, the dismissal is without prejudice. *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 560 F.3d 118, 124 (2d Cir. 2009) ("a dismissal for failure to exhaust available administrative remedies should be 'without prejudice'").

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 20, 2024
Rochester, New York