## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

---

**Michael Cordaro,**

          Plaintiff,

     v.

**Peter B. Hegseth,** Secretary of
Defense,[1]

          Defendant.

**DECISION and ORDER**

22-cv-6027-EAW-MJP

---

## INTRODUCTION

**Pedersen, M.J.** Plaintiff *pro se* Michael Cordaro moves for appointment of counsel, (ECF No. 69), and to compel Defendant to answer his discovery requests. (ECF No. 70.) Cordaro filed both motions on January 29, 2025. For the reasons that follow, the Court denies the motions without prejudice.

## BACKGROUND

I assume familiarity with this case and its procedural history. I recount only the history of this case relevant to Cordaro's present motions.

Two days before Christmas 2024, I held a conference with Cordaro and Defendant. (Text Order & Minute Entry, ECF No. 67, Dec.

---

[1] Given the change in presidential administration, I have changed the caption pursuant to Fed. R. Civ. P. 17(d) and 25(d). I order that the caption be updated to reflect this change pursuant to the same rules.

23, 2024.) After clarifying for the parties that this case was not stayed pending the outcome of Cordaro's motion to amend, I directed Cordaro to serve discovery requests on Defendant for his existing claims. (*Id.*) I indicated on the record that the normal deadline for responding to discovery requests is 30 days, although, as I explain below, parties commonly extend deadlines for each other to serve discovery responses.

Cordaro served his requests. On the day responses were due (as is common practice), Defendant asked Cordaro for more time. (Mot. Ex. at 1, ECF No. 70 ("We are in the process of gathering the information and responding to your other inquiries, but due to the large number of requests you have made, we will need some additional time.").) Defendant also objected to the number of interrogatories Cordaro included in his discovery requests. (*Id.*) Defendant asked to have until February 6, 2025, to provide discovery responses. (*Id.*) I understand that Defendant intends to depose Cordaro on February 10, 2025. (*Id.*)

On January 29, 2025, Cordaro filed the motions pending before me. He moves for appointment of counsel, (ECF No. 69), and to compel Defendant to answer his discovery requests. (ECF No. 70.)

## THE "DENIAL OF ACCESS" MOTION

I construe Cordaro's "Denial of Access motion" as a motion to compel responses to Cordaro's discovery requests under Fed. R. Civ. P. 37(a)(1) and 37(a)(3)(B). At the outset, I must deny this motion because it fails to include the required certification.

"[T]he applicable rules of civil procedure require the parties to confer or attempt to confer in good faith to try to resolve discovery disputes without court intervention before filing a motion to compel." *Tripathy v. Schneider*, No. 21-CV-6392FPG, 2023 WL 7401286, at *3 (W.D.N.Y. Nov. 9, 2023) (applying certification requirement to *pro se* plaintiff). "To verify that the requirement has been satisfied, Rule 37(a)(1) obligates a party filing a motion to compel to 'include a certification' that the movant has in good faith conferred or attempted to confer with the opposing party or counsel." *Id*. (quoting Fed. R. Civ. P. 37(a)(1)). The appropriate outcome here is to deny Cordaro's motion without prejudice.

Separately, I note that my individual practices require parties to participate in a conference with me before moving to motion practice. This is an independent basis for denying Cordaro's motion.

I encourage Cordaro and Defendant to work out their dispute themselves. I thus direct Cordaro and Defendant's counsel to participate in a phone call meet-and-confer. If the parties cannot resolve their dispute, either party may file a letter motion on the docket asking me for a discovery conference.

It may be helpful for Cordaro to know that parties in court cases routinely grant each other extensions of time to respond to discovery requests. Indeed, Federal Rule of Civil Procedure 29 anticipates this

practice by allowing parties to stipulate to extend "the time for any form of discovery." On the other hand, Defendant has given Cordaro just a few days to review discovery responses before his deposition.

## THE APPOINTMENT OF COUNSEL MOTION

"Unlike criminal defendants, prisoners and indigents filing civil actions have no constitutional right to counsel." *Mackey v. DiCaprio*, 312 F. Supp. 2d 580, 581 (S.D.N.Y. 2004) (quotation omitted). Still, in rare cases, the court may appoint an attorney to help a *pro se* party. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The decision to appoint counsel "rests with the discretion of the court." *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984) (citation omitted). But I am mindful that there are far more requests for attorneys than the court can provide. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) ("Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily."). I thus should carefully consider the law before granting a *pro se* party an attorney. *See id.* (noting that "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause").

"In evaluating a pro se litigant's request for appointment of counsel[,] the Second Circuit require[s] the court to consider first whether the indigent's position appears likely to be one of substance." *Davidson v. Goord*, 259 F. Supp. 2d 236, 237 (W.D.N.Y. 2002) (alterations added)

(citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)). "Only after an initial finding that a claim is likely one of substance," should the Court "consider secondary factors." *Carmona*, 243 F.3d at 632 (citation omitted).

Here, I commend Cordaro for making numerous efforts to obtain counsel. Unfortunately, I must deny his motion. *First*, I do not find Cordaro's claims "of substance," largely for the reasons laid out in my earlier report and recommendation and in the Chief Judge's orders from this case and related cases. In any event, Cordaro does not explain why his claims are of substance in his motion for appointment of counsel. This alone warrants the denial of his motion. *See Phelan v. Sullivan*, 541 F. App'x 21, 25 (2d Cir. 2013) (upholding district court's decision to deny appointment of counsel because the *pro se* party "had not demonstrated that his claims were likely to succeed on the merits").

*Second*, my analysis of the remaining factors would not persuade me to appoint counsel. Cordaro has not "demonstrated any marked difficulties in presenting his case." *Mackey*, 312 F. Supp. 2d at 582. To the contrary, while many of his arguments are not artfully made, his submissions suggest that he is "sufficiently knowledgeable and equipped to understand and handle th[is] litigation." *Nelson v. McGrain*, No. 12-CV-6292, 2017 WL 4155420, at *3 (W.D.N.Y. Sept. 19, 2017) (alteration added). Cordaro has pursued discovery in this case and has raised issues

with the Court, including Defendant's purported failure to provide discovery. This and the discovery requests that he prepared suggests he has the "ability to investigate the crucial facts" concerning his claim. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997). Moreover, Cordaro's claims center on events that happened here in Rochester. This, too, suggests he can investigate his claims.

Admittedly, the procedural history and some legal concepts in this case are complex (*e.g.*, *res judicata*). *See Ledesma v. Garland*, 850 F. App'x 84, 89 (2d Cir. 2021) (holding that because "appeal raise[d] several issues that [we]re both complex" and meritorious, appointment of counsel was warranted (alteration added)); *see also Johnston v. Maha*, 606 F.3d 39, 42 (2d Cir. 2010) (appointing counsel in part because "[t]he legal issues raised in this appeal are fairly complex" (alteration added)). But this factor alone is not enough to sway me—nor is it enough to give Cordaro's claims the required threshold of possessing substance. Accordingly, I deny Cordaro's motion for appointment of counsel without prejudice.

[Remainder of page intentionally blank.]

## CONCLUSION

For the foregoing reasons, I deny Cordaro's motions at ECF Nos. 69 & 70 without prejudice. I direct the parties to meet and confer about their discovery disputes.

**IT IS SO ORDERED.**

Dated:     January 31, 2025
           Rochester, NY              */s/ Mark W. Pedersen*
                                      MARK W. PEDERSEN
                                      United States Magistrate Judge