UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL CORDARO,

        Plaintiff,

v().

PETER B. HEGSETH,[1]

        Defendant.
_____

**DECISION AND ORDER**

6:22-CV-06027 EAW

*Pro se* plaintiff Michael Cordaro ("Plaintiff") commenced the instant employment discrimination action on January 19, 2022, asserting claims arising from his 2018 removal from a position as an auditor for the Defense Contract Auditing Agency in the Department of Defense ("DOD"). (Dkt. 1). On September 26, 2023, this Court entered a Decision and Order substituting Lloyd J. Austin III ("Defendant") as a defendant and granting in part a motion to dismiss Plaintiff's gender discrimination, disability discrimination, and removal-related claims. (Dkt. 21). The Court denied the motion to dismiss Plaintiff's retaliation claim. (*Id*. at 18-21). Familiarity with the September 26, 2023 Decision and Order and the procedural background of this case and Plaintiff's related cases, *Cordaro v. Dep't of Def.*, No. 6:19-cv-6601 ("*Cordaro I*") and *Cordaro v. Dep't of Def.*, No. 6:22-cv-6499 (*Cordaro III*),[2] are assumed for purposes of the instant Decision and Order.

---

[1] On or about January 25, 2025, Peter B. Hegseth became the Secretary of Defense and thus is substituted as the plaintiff pursuant to Federal Rule of Civil Procedure 25(d). The Clerk of Court is directed to update the docket to reflect this substitution.

[2] The Court notes that although Plaintiff appealed *Cordaro I* and *Cordaro III*, both appeals were dismissed. The appeal in *Cordaro I* was rejected for Plaintiff's failure to pay

- 1 -

On October 10, 2023, Plaintiff filed a motion seeking reconsideration of the dismissal of his disability claims, which the Court had dismissed in the September 26, 2023 Decision and Order for failure to exhaust administrative remedies. (Dkt. 22). On September 20, 2024, the Court denied Plaintiff's motion for reconsideration. (Dkt. 53). Pending before the Court are Plaintiff's multiple renewed motions asking the Court to again reconsider its September 2023 determination on the disability claims. (Dkt. 54; Dkt. 57; Dkt. 59).[3] The motions are opposed by Defendant. (Dkt. 64).

In addition, on August 5, 2024, Plaintiff filed a motion to amend his complaint. (Dkt. 41). The motion to amend was referred to United States Magistrate Judge Mark W. Pedersen who issued a Report and Recommendation and Decision and Order on that motion on January 23, 2025. (Dkt. 68). By Decision and Order, Judge Pedersen denied Plaintiff's request for a bench trial and granted his motion to amend to allow his claim for hostile work environment to proceed. By Report and Recommendation, Judge Pedersen recommended that Plaintiff's motion for leave to assert proposed claims for unlawful harassment and wrongful termination be denied on grounds of res judicata and law of the case. He also recommended that the individual defendants dismissed from the case not be reinstated. On February 5, 2025, and February 10, 2025, Plaintiff filed objections to Judge

---

a filing fee and the appeal in *Cordaro III* was dismissed because it "lack[ed] an arguable basis in law or in fact." (*Cordaro III* (Dkt. 13)).

[3]    Plaintiff also filed a motion entitled "Denial of Access Motion" (Dkt. 65), which appears to relate to a motion for extension of time that was filed by Defendant (Dkt. 60) and granted by the Court (Dkt. 63). Because the nature of the relief Plaintiff seeks on this motion is unclear, it is denied without prejudice.

Pedersen's Report and Recommendation (Dkt. 72; Dkt. 73), which are presently before the Court.

For the reasons set forth below, the Court denies Plaintiff's motions for reconsideration, denies Plaintiff's objections, adopts the Report and Recommendation, and grants in part and denies in part Plaintiff's motion for leave to amend.[4]

## DISCUSSION

**I.   Motions for Reconsideration (Dkt. 54; Dkt. 57; Dkt. 59)**

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation and citation omitted). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Lettieri v. Dep't of Just.*, No. 23-CV-865-LJV, 2024 WL 2030113, at *2 (W.D.N.Y. Apr. 10, 2024) (quotation and citation omitted); *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*,

---

[4]   Plaintiff has also filed a motion for extension of time to complete discovery (Dkt. 74), which is pending before Judge Pedersen. This motion will be decided in due course and is not impacted by the instant Decision and Order.

No. 08 M.D.L. 1963(RWS), 2009 WL 2168767, at *1 (S.D.N.Y. July 16, 2009) ("A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." (quoting *Davey v. Dolan*, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007)). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court. . . ." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

In support of his requests for reconsideration, Plaintiff again reargues his contention that he should be permitted leave to amend his complaint to assert disability claims. He contends that the Court has overlooked relevant evidence and failed to consider circumstances pertaining to Plaintiff's personal hardships in concluding that Plaintiff failed to exhaust his administrative remedies for those claims. But the evidence Plaintiff relies on is not new; indeed, it is the same evidence that has supported his previous attempts to assert the disability claims or could have been adduced at the time the underlying motion was filed. The fact that the Court does not agree with Plaintiff on the import of the information he cites does not state a sufficient basis for reconsideration. "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Weir v. Montefiore Med. Ctr.*, No. 24-1527, 2025 WL 289497, at *3 (2d Cir. Jan. 24, 2025) (quoting *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019)). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or

attempts to advance new facts, the motion for reconsideration must be denied." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008).

Because Plaintiff has not identified new evidence, demonstrated that the Court incorrectly evaluated legal principles, or established that manifest injustice will result should the Court deny his motion for reconsideration, Plaintiff's motions for reconsideration are denied.

Plaintiff is also cautioned that the Court will not continue to entertain repeated motions seeking the same relief that it has already decided more than one time. If Plaintiff files another motion asking the Court to reconsider its determination on his disability claims, Plaintiff may face sanctions, including entry of a filing injunction against him.[5]

## B. Objections to Report and Recommendation Regarding Motion to Amend (Dkt. 72; Dkt. 73)

### 1. Standard of Review

"The Second Circuit has stated, albeit in dicta, that a motion to amend is a 'nondispositive' matter which can be determined by a magistrate judge, pursuant to Fed. R. Civ. P. 72(a), subject to review under the 'clearly erroneous' standard set out therein." *Coral Crystal, LLC v. Fed. Ins. Co.*, No. 17-CV-1007 LTS BCM, 2021 WL 84308, at *1

---

[5]  The Court notes that it is conceivable in terms of these motions (Dkt. 54, Dkt. 57, and Dkt. 59), that Plaintiff mistakenly interpreted the Court's briefing schedule to operate as an invitation for Plaintiff to submit additional materials in support of his initial motion (Dkt. 54). Plaintiff is advised, however, that once a motion is filed, the response date in the briefing schedule pertains to the non-moving party and should not be construed as seeking supplemental materials from the moving party unless expressly stated. Regardless of that interpretation, even if these three motions are taken collectively, this is still not the first time that Plaintiff has moved for reconsideration of the same Court order and is not an appropriate use of judicial resources.

n.1 (S.D.N.Y. Jan. 11, 2021) (citing *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007)). That said, some courts in this Circuit have determined that "a denial of leave to amend premised on 'futility' is akin to the grant of a motion to dismiss . . . and should therefore be deemed dispositive, requiring *de novo* review pursuant to Rule 72(b)." *Id.* (collecting cases). In an abundance of caution, Judge Pedersen issued his determination on a report and recommendation basis. (Dkt. 68 at 6-8).

When a party makes specific objections to a magistrate judge's report and recommendation, the district judge must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2). "The Court reviews unobjected-to findings for clear error." *Am. Ins. Co. v. City of Jamestown*, 914 F. Supp. 2d 377, 384 (W.D.N.Y. 2012). After conducting its review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In this case, regardless of the standard applied, the Court finds no error in Judge Pedersen's denial of portions of Plaintiff's motion for leave to amend.

    **2.**    **Motion to Amend**

"Although under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend complaints should be 'freely given,' leave to amend need not be granted where the proposed amendment is futile." *Murdaugh v. City of New York*, No. 10 CIV. 7218 HB, 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011); *see also see Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile

if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." (citation omitted)). Here, some of Plaintiff's proposed amendments could not survive a motion to dismiss, and so the Court accepts Judge Pedersen's recommendation that leave to amend to include them be denied.

Plaintiff objects to the Report and Recommendation's conclusions that res judicata and law of the case bar consideration of his claims for wrongful termination and unlawful harassment. "[T]he doctrine of res judicata, or claim preclusion, provides that [a] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.,* 600 F.3d 190, 195 (2d Cir. 2010) (alterations in original and quotation omitted). The doctrine "evokes the common law principles of judicial economy and comity." *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 279 (2d Cir. 2008). "To determine whether the doctrine of res judicata bars a subsequent action, we consider whether 1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017). The law-of-the-case doctrine provides that "[a]ny questions of law ruled upon earlier in this litigation are revisited through the lens of law of the case doctrine, which provides that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *Fresh Air for Eastside, Inc. v. Waste Mgmt. of New York, L.L.C.*, No. 18-CV-6588-FPG, 2020 WL 6291483, at *2 (W.D.N.Y. Oct. 27, 2020) (quoting *Laurent v. PriceWaterhouseCoopers LLP*, 963 F. Supp. 2d 310, 314

(S.D.N.Y. 2013) (internal quotations omitted)).

Juge Pedersen concluded, and this Court agrees, that Plaintiff's claims for wrongful termination or unlawful harassment have been or could have been asserted in other proceedings in this case or in *Cordaro I*. No matter how vehemently Plaintiff disagrees with the outcome of his case before the Merit Systems Protection Board or with this Court's decision in *Cordaro I*, he cannot attempt to relitigate those outcomes here, a point which he has been advised repeatedly. *See Jones-Khan v. Westbury Bd. of Educ.*, No. 21CV3908(JMA)(JMW), 2022 WL 280646, at *7 (E.D.N.Y. Jan. 31, 2022) ("Simply put, Plaintiff is not entitled to relitigate issues concerning her employment and termination in a second lawsuit. Since Plaintiff has already fully litigated the discrimination, wrongful termination, and retaliation issues—and lost—, she may not raise them again simply by narrowing her theory and adding individual defendants. Accordingly, collateral estoppel also precludes re-litigation of these issues, even against newly-added defendants.").[6] As noted, Plaintiff's appeal in *Cordaro I* was dismissed and that determination is final.

Further, to the extent that Plaintiff contends that Judge Pedersen's Report and Recommendation and Decision and Order can be fairly read to permit any claims other than retaliation and hostile work environment based on sex to proceed, the Court expressly

---

[6] The Court also agrees with Judge Pedersen's assessment that Plaintiff's hostile work environment claim would likely be barred on the same grounds, but it was not error for Judge Pedersen to decline to consider that question in light of Defendant's failure to raise it as a defense to that claim. (*See* Dkt. 68 at 12 n.4).

rejects that interpretation.[7]  Plaintiff's motion to amend is granted solely to allow the addition of a hostile work environment claim and in all other respects is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions for reconsideration (Dkt. 54; Dkt. 57; Dkt. 59) are denied.  In addition, the Court denies Plaintiff's objections (Dkt. 72; Dkt. 73), adopts the Report and Recommendation (Dkt. 68), and grants in part and denies in part Plaintiff's motion for leave to amend (Dkt. 41).  The Clerk shall file Plaintiff's amended complaint (Dkt. 41-1) and as directed by Judge Pedersen, Defendant shall answer or otherwise respond to the amended complaint as permitted by this Decision and Order within 30 days.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: March 14, 2025
        Rochester, New York

---

[7]     In his objections, Plaintiff seeks to characterize his list of claims to include: "A. Retaliatory Hostile Work Environment; B. Retaliatory Harassment After Making an Informal Complaint; C.  Retaliatory Based on Taking a Leave of Absence; D.  Retaliatory Based on Discrimination (Physical Disability); E. Retaliatory Based on Discrimination (Physiological Disability); F. Retaliatory Based on Gender (Male); G. Hostile Work Environment Based Upon Discrimination/Retaliation; H. Harassment based upon Discrimination (Physical Disability); I. Harassment based upon Discrimination (Physiological Disability); J. Harassment based upon Discrimination (Gender); . . . K. Discrimination-Disability (Physical); [and] L. Discrimination-Disability (Physiological)." (Dkt. 73 at 2).